IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL MCCOY, #32480-177 § | | |
|     Movant, § | | |
| § | | |
| v. § | CIVIL NO. 3:16-cv-3049-K | |
| § | (CRIMINAL NO. 3:14-cr-367-K-13) | |
| UNITED STATES OF AMERICA, § | | |
|     Respondent. § | | |

MEMORANDUM OPINION AND ORDER

Movant Michael McCoy ("McCoy") filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. As detailed herein, the motion to vacate sentence is **DENIED**.

I. BACKGROUND

McCoy pled guilty to possession with intent to distribute a controlled substance and was sentenced to 160 months' imprisonment—below the advisory guideline range. *United States v. McCoy*, No. 3:14-CR-0367-K (13) (N.D. Tex. Nov. 10, 2015), *appeal dism.*, No. 15-11151 (5th Cir. June 16, 2016) (per curiam). McCoy timely filed this Section 2255 motion claiming counsel rendered ineffective assistance during the guilty plea proceedings and at sentencing. Doc. 2. The Government filed a response in opposition and McCoy filed a reply. Doc. 5; Doc. 9. Because McCoy has failed to demonstrate that counsel was ineffective, his Section 2255 motion fails on the merits.

## II. ANALYSIS

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). To obtain post-conviction relief on a claim that defense counsel was constitutionally ineffective, Movant must prove that counsel's performance was deficient, and that counsel's substandard performance caused prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697.

To prove the deficient performance under *Strickland*, a petitioner must show that counsel made errors so serious that he or she was not functioning as counsel guaranteed by the Sixth Amendment. *Id.* at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. That said, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

To demonstrate prejudice in the context of a guilty plea, the petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The petitioner bears the

burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* To prevail on a claim of ineffective assistance of counsel at sentencing, the petitioner must demonstrate that his sentence was increased on account of the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-204 (2001).

### A. Failure to Object to "Intent to Distribute" Element

McCoy makes related arguments that counsel rendered ineffective assistance in failing to challenge the "intent to distribute" element of his offense. Doc. 2 at 4-5. He avers he possessed methamphetamine (1) for "personal use" and "social sharing," (2) with no "intent to sell to others for personal gain, or in furtherance of a conspiracy," and (3) in quantities too small –i.e., "7 grams portions"—to establish "intent to distribute." *Id.* McCoy surmises that "the outcome of his case would have been different" but for counsel's failure to argue that his conviction "should have been reduced to simple possession." *Id.* In his reply, he asserts for the first time that the Government engaged in "sentencing factor manipulation," elevating his culpability to secure a longer sentence, based on Codefendant Jaclyn Hooker's statement that she gave him 7 grams of methamphetamine daily for four months. Doc. 6 at 2.

It is unclear when McCoy supposes counsel should have objected to the "intent to distribute" element of his offense. Unlike the circuit cases that he cites, McCoy pled guilty to possession with intent to distribute and conceded the requisite facts to support the elements of that offense in the *Factual Resume* and under oath during re-arraignment. Crim. Doc. 311 at 1-2; Crim. Doc. 1898 at 12-13, 18. Thus, McCoy's assertions contradict his sworn testimony at his re-arraignment that he possessed methamphetamine with intent to distribute – testimony that carries "a strong presumption of verity" in this proceeding. *Blackledge v. Allison*, 431 U.S. 63, 73 (1977); *see also United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy." (collecting cases)). Notably, McCoy does not challenge his guilty plea to possession with intent to distribute. *See also* Crim. Doc. 1639 at 4 (conceding at sentencing that the Court should accept his guilty plea). Indeed, he substantially benefited from the plea agreement, which capped his sentence at 20 years instead of life. *See* Presentence Report (PSR), Crim. Doc. 758-2 at 16 ¶ 148 (noting that, under the terms of the plea agreement, Count 1 (conspiracy with a statutory imprisonment range of 10 years to life) was dismissed in exchange for a plea to Count 14 (possession with intent to distribute with a statutory maximum of 20 years)). Additionally, during the sentencing hearing, defense counsel relentlessly challenged

the credibility of Codefendant Hooker, whose statements considerably increased McCoy's offense level by attributing to him substantial additional amounts of methamphetamine. *See* Crim. Doc. 1639 at 5-11.

Based on the above, the Court finds that counsel had no non-frivolous basis to object to the "intent to distribute" element during the plea proceedings or at sentencing and, thus, was not ineffective for failing to do so. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness.") (quotations and quoted case omitted); *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). Accordingly, McCoy's claims of ineffective assistance of counsel fail.

### B. Failures at Sentencing

McCoy's claims of ineffective assistance of counsel at sentencing fare no better. He asserts that counsel rendered constitutionally deficient performance by failing to challenge the application of the dangerous weapon enhancement and to request a minor-role adjustment. Crim. Doc. 2 at 6, 8. As to the first claim, he also contends that counsel did not argue that there was no "'temporal or spatial connection'

between the weapon and the drug trafficking activity." Doc. 2 at 6. Relying on *United States v. Marmolejo*, 106 F.3d 1213, 1216 (5th Cir. 1997), McCoy avers that "the weapon was not connected to drug activity, but was used simply to extract more time out of the petitioner." Doc. 6 at 4.

Defense counsel objected to the weapon enhancement and requested a minor-role adjustment in the objections to the PSR and presented cogent arguments at sentencing. *See* Crim. Doc. 949 at 1; Crim. Doc. 1017 at 1-2; Crim. Doc. 1639 at 11-13; 14-16. Counsel also referenced (albeit indirectly) the temporal-or-spatial-connection issue, when he argued that McCoy did not have a gun in this case, although he had gun when he was arrested on a related state drug case. *See* Crim. Doc. 1639 at 12-13. The fact that counsel did not prevail does not make him ineffective. *Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983) (holding that unsuccessful efforts do not constitute ineffective counsel relief).

Moreover, McCoy does not dispute that he possessed a firearm at the time of his arrest on the related state criminal offense of manufacture/delivery of a controlled substance, Case No. F-1423356. Crim. Doc. 758-1 at 8-9, 12. Subsequently, McCoy was indicted and convicted in this Court for the offense of felon in possession of a firearm (Case No. 3:14-CR-162-P) and, while that case was pending, he was indicted on the federal drug distribution conspiracy in this case. *Id.* Thus, as the

Government argued at sentencing, the gun was connected to the distribution conspiracy because "it was seized from [McCoy] at the time he was arrested" on the related state drug charge. Crim. Doc. 1639 at 13. *Cf. United States v. Caicedo*, 103 F.3d 410, 412 (5th Cir. 1997) (holding firearms may be "possessed" for purposes of U.S.S.G. § 2D1.1(b)(1) in connection with a drug conspiracy even if they are found after a particular transaction in furtherance of the conspiracy).

In addition, McCoy cannot show prejudice—namely that his sentence was increased by counsel's alleged deficient performance. *Glover*, 531 U.S. 198, 200, 203-204. Indeed, this Court carefully weighed McCoy's case – his mid-level position in the conspiracy, much lower than Codefendant Hooker; his prior sentence for the gun possession offense; and Hooker's self-serving statements and tendency to lie – and concluded that a sentence of 160 months, well below the guideline range of 188-235 months, was justified. Crim. Doc. 1639 at 38, 45-46. The Court also ordered that McCoy's sentence run concurrently with his prior sentence for felon in possession of firearm. *Id.* at 46. Thus, his claims of ineffective assistance of counsel at sentencing also fail.

**IV.**

Accordingly, the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

SO ORDERED.

Signed February 6th, 2019.

*Ed Kinkeade*
ED KINKEADE
UNITED STATE DISTRICT JUDGE